UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:08-cv-00019-JHM

DAVID R. CUMMINS, Conservator
for C.A.P., a minor                                                               PLAINTIFF

V.

BIC USA, INC., WAL-MART STORES,
INC., and MCDONALD'S
CORPORATION                                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant BIC USA's motion for summary judgment on the ground that Plaintiff's claims for product liability, breach of warranty, failure to warn, and violation of the Kentucky Consumer Protection Act are preempted by the Consumer Product Safety Act ("CPSA"), 16 C.F.R. 1210 (1993). For the reasons set forth below, Defendant's motion is **DENIED**.

**I. FACTS**

This case involves the tragic combination of a child and a cigarette lighter. On December 17, 2004, three-year-old C.A.P. was dropped off at his mother's apartment by his step-mother, and immediately went upstairs to his bedroom. A short while later, C.A.P.'s mother, Amy Cowles, heard him scream. She found him at the top of the stairs engulfed in flames from the waist up; he had, apparently, used a BIC Model J26 lighter to

ignite his McKid's t-shirt.  No one seems to know where the lighter came from, but the parties agree that the child-resistant guard (the metal band that a consumer must depress before rotating the spark wheel in order to generate a flame) had been removed.  Plaintiff now brings suit against BIC, McDonald's, and Wal-Mart, the seller of the t-shirt, on various theories of liability.  BIC moves to dismiss Plaintiff's claims on the ground that they are preempted by the CPSA.

## II.  STANDARD

To grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.  The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986).  The rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  "The

mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

At issue here is whether the CPSA preempts Plaintiff's state law claims.[1]  The preemption doctrine has its roots in the Constitution's declaration that "the Laws of the United States . . . shall be the supreme Law of the Land." U.S. Const., art. VI, cl. 2. Under that doctrine, state law is preempted by federal law in three circumstances: (1) where Congress has expressly stated its intent to preempt state law in a statute; (2) where Congress has impliedly preempted the field through regulation; or (3) where there is a conflict between the federal law and the state law. Cipollone v. Liggett Group, Inc., 505 U.S. 504, 516 (1992); State Farm Bank v. Reardon, 539 F.3d 336, 341-42 (6th Cir. 2008). However, there is a presumption against preemption in areas of regulation typically left to the states. CSX Transp., Inc. v. Easterwood, 507 U.S. 658, 664 (1993) (explaining that to "avoid[] unintended encroachment on the authority of the States, . . . a court interpreting a federal statute pertaining to a subject traditionally governed by state law will be reluctant to find preemption").

---

[1] Defendant also suggests that its compliance with the federal standard supports dismissal of this case.  The Court finds this argument meritless.  Not only does the CPSA's saving clause explicitly reject such a contention, BIC's specified "certification" does not encompass the federal standard at issue here, and that federal standard is a minimum one that may be enhanced by non-conflicting state law. 15 U.S.C. § 2074(a).

Defendant argues that implied field preemption and conflict preemption apply here because the Consumer Product Safety Commission ("CPSC"), through its Congressionally-authorized regulations, "has fully occupied the field of child resistancy for disposable lighters." (Defendant's Reply, p. 4). BIC notes, for example, that the CPSC requires that lighters "shall be resistant to successful operation by at least 85 percent of the childtest panel" and that the child-resistant mechanism must "(1) Reset itself automatically after each operation of the ignition mechanism of the lighter, (2) Not impair safe operation of the lighter when used in a normal and convenient manner, (3) Be effective for the reasonably expected life of the lighter, and (4) Not be easily overridden or deactivated." 16 C.F.R. §§ 1210.3-.4. Plaintiff counters that his claims against BIC are not preempted because the CPSA expressly saves them and because there is no conflict between the state law standard and the applicable federal regulation. The Court considers these arguments in turn.

A. Field Preemption

Defendant's field preemption argument is based on the idea that CPSC's regulation of the field of lighter safety is so complete and "so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it." Rice v. Sante Fe Elevator Corp., 331 U.S. 218, 230 (1947); see also Freightliner Corp. v. Myrick, 514 U.S. 280, 287 (1995); (Defendant's Reply, p. 4). This argument is a nonstarter. For one thing, Congress's intent to preempt state laws and regulations through the CPSA, under which the CPSC's disposable lighter regulations are enacted, is express

4

not implied: "[w]henever a consumer product safety standard under this chapter is in effect and applies to a risk of injury associated with a consumer product, no State . . . shall have any authority either to establish or to continue in effect any . . . safety standard or regulation . . . unless such requirements are identical." 15 U.S.C. § 2075(a). More importantly, Congress has made clear that at least some common law tort claims are excluded from that preemption, i.e., "[c]ompliance with consumer product safety rules or other rules or orders under this chapter shall not relieve any person from liability at common law or under State statutory law to any other person." Id. § 2074(a); Geier v. American Honda Motor, Co., 529 U.S. 861, 868 (2000) (finding that a "saving clause assumes that there are some significant number of common-law liability cases to save . . . . [and] reflects a congressional determination that occasional nonuniformity is a small price to pay for a system in which juries not only create, but also enforce, safety standards . . ."); see also 15 U.S.C. § 2073(c).

Defendant has not cited a single case in support his argument that Congress impliedly intended to preempt the entire field even though it expressly preempted part of the field and excluded state tort or product liability law from that express preemption. On the other hand, numerous courts have concluded that the CPSA does not completely preempt tort claims related to product safety. See, e.g., Greenawalt v. Philip Rosenau Co., Inc., 471 F.Supp.2d 531, 534 (E.D. Pa. 2007) (finding that the CPSA does not completely preempt state law jurisdiction over all tort claims having anything at all to do with products regulated by the CPSA); Summerlin v. Scott Petroleum Corp., 324 F.Supp.2d

5

810 (S.D. Miss. 2004) (holding that the CPSA was not intended to completely preempt state law tort claims against a disposable lighter manufacturer); Colon v. BIC USA, Inc., 136 F.Supp.2d 196, 205 (S.D.N.Y. 2000) (finding that "BIC does not argue that Congress intended the federal government to occupy the field of manufacture and safety of consumer products exclusively, and the language and history of the CPSA do not support such an assertion").[2]  Accordingly, the Court has no trouble finding that as a matter of law and logic Congress's express intent to "save" certain state law actions precludes a finding that Congress simultaneously implied an intent to preempt a field that includes those claims.

B. Conflict Preemption

The only plausible basis for preemption in this case is that, as Defendant also argues, application of the state law would conflict with the federal requirements.[3] See Geier v. American Honda Motor, Co., 529 U.S. 861, 869 (2000) (explaining that a saving

---

[2] The Supreme Court also implied as much when it examined the preemptive effect of nearly identical provisions in the National Traffic and Motor Vehicle Safety Act ("Motor Vehicle Safety Act" or "MVSA") and applied only the theory of conflict preemption. Geier v. American Honda Motor, Co., 529 U.S. 861, 869-73 (2000).

[3] To the extent Defendant alleges that Plaintiff's failure to warn claim is preempted because it conflicts with the CPSA, he does not argue it, and the Court does not in any event agree. See Colon ex rel. Molina v. BIC USA, Inc., 136 F.Supp.2d 196, 206 (S.D.N.Y. 2000) (finding that "it would not be impossible for manufacturers or importers such as BIC to comply with both a state standard that may mandate the use of safety warnings, and the federal standard promulgated by the CPSC which does not"); Ball v. BIC Corp., No.4:97-CV-02467, 2000 WL 33312192, *5-6 (D. Mo. Feb. 8, 2000) (finding that "a successful tort action based on an inadequate warning would not create a different standard or impose additional requirements on the manufacturer . . . . [because the] CPSC regulations . . . do not provide any standards regarding the warning required on disposable lighters").

clause would not permit state-law tort claims in actual conflict with federal regulations and that usual preemption principles apply). Generally, conflict preemption occurs where "compliance with both federal and state regulations is a physical impossibility" or where the "state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Freightlinger Corp. v. Myrick, 514 U.S. 280, 287 (1995). The question in this case—whether a standard imposed by state product liability law conflicts with the requirements of the CPSA—has prompted an array of answers from the state and federal courts.

The leading federal case is Colon v. BIC USA, Inc., 136 F.Supp.2d 196 (S.D.N.Y. 2000). There, the Southern District of New York found that a state law defective product claim did not conflict with and was not preempted by the CPSA because it was not impossible for BIC to comply with both state law and federal regulations. It determined that the federal requirement that a lighter be inoperable by 85% of children under the age of five years was a minimum requirement, because, "[i]n settling on this figure, the CPSC found that this pass rate 'imposes *the least burdensome* requirement which prevents or adequately reduces the risk of injury for which the rule is being promulgated.'" Id. at 208 (quoting 16 C.F.R. § 1210.5(g)) (emphasis in opinion). It also noted that unlike the federal regulations the Supreme Court found to preempt state law in Geier, "[t]he [disposable lighter] regulations do not specify design alternatives or production methods from which manufacturers may choose." Id. at 208. The court therefore concluded that state tort law could impose a higher standard for lighter design consistent with the

7

CPSA's goal of increasing lighter safety. <u>Id.</u> at 209 (citing 15 U.S.C. § 2051(b)(1)-(4)).

But in <u>Frith v. BIC Corp.</u>, 863 So.2d 960 (Miss. 2004), where the state law claim was that a lighter was defectively designed because a ten-year-old boy could use it to produce sparks and ignite fumes from a nearby gasoline container, the Supreme Court of Mississippi disagreed. It found that "the common law standard which the Friths would have us apply to BIC is a higher standard than that established by federal law. In essence the Friths argue that BIC should be held to the standard of producing a lighter which a 10-year-old child cannot use." <u>Id.</u> at 966. The court concluded that the state law claim was preempted by the CPSA because "the more stringent state standard would stand as an obstacle to the accomplishment of the federal objective of producing for the adult consumer a usable lighter which was yet as child-resistant as feasible for children five years of age and younger." <u>Id.</u> at 967.

More recently, in <u>BIC Pen Corp. v. Carter</u>, 251 S.W.3d 500 (Tex. 2008), the Supreme Court of Texas weighed in on the debate when it considered whether a common law claim that the J26 lighter was unreasonably dangerous was compatible with the CPSA. It recognized the conflicting authority of <u>Colon</u> and <u>Frith</u> and ultimately agreed with the latter's reasoning. Like the Mississippi Supreme Court, the Texas Supreme Court found that "the Commission weighed . . . competing concerns when drafting its [85% child-resistant] standard," and concluded that applying "a common law rule that would impose liability above the federal standard" would be "contrary to the Commission's plan and conflict[] with federal law." <u>Id.</u> at 507. It also reasoned that the

CPSA's process for states to seek an exemption to the federal requirements supported this conclusion because that process "would serve no purpose were the states free to raise the liability bar through application of their common law." Id. at 508 (citing 15 U.S.C. § 2075(c)).

The Court finds these decisions mostly congruous. In Carter, the Texas Supreme Court considered a state claim that a lighter was defectively designed because a five-year-old was able to operate it notwithstanding the child guard; in Frith the Mississippi Supreme Court addressed a claim that would have required BIC to be held to the standard of producing a lighter that a ten-year-old child could not use; and, in Colon, the Southern District of New York considered a claim that a lighter was defectively designed because it continued to work after the child-resistant guard was removed. Thus, the cases turned, as they should have, on the relevant state law's impact on the federal regulation. Carter and Frith found the state law claims preempted as in conflict with federal law because the theory of liability in each of those cases related to the effectiveness of the child guard itself, something the CPSC arguably optimized at 85% performance for children five years of age and younger. See 16 C.F.R. § 1210.5(c); cf. Geier, 529 U.S. at 875 (finding a similar balancing of policies in the federal regulation that allowed multiple types of passive restraint devices). Colon, on the other hand, found that there was no conflict between the state law claim and the federal regulation because, at least in part, the CPSC had no rule for whether a lighter should or should not continue to work after the child guard is removed.

This case falls somewhere in between. It is dissimilar to Colon because the CPSC regulations establish some standard for the design element claimed to be defective here, i.e., the child-resistant mechanism must "[n]ot be easily overridden or deactivated." 16 C.F.R. § 1210.3(b)(4). But it is also dissimilar to Carter and Frith because there is no apparent balancing of policies in the federal standard such that imposition of a common law rule would necessarily seem to pose a conflict. Ultimately, however, the Court finds this case closer to the situation in Colon. Here, the claim is that the lighter design was defective because the child guard could be "easily removed within seconds by use of ordinary household utensils like forks, knives, pens or nearly any other sharp, rigid object." (Plaintiff's Response, p. 3). The theory of liability in Colon, construed broadly, is only different from the theory in this case in degree not in kind: the defective design claim in Colon might well be read as saying that the child guard was too easily deactivated in that it could be defeated at all.

To the extent the CPSC has addressed this aspect of lighter design with § 1210.3(b)(4), the Court agrees with the Southern District of New York's assessment that the federal standard is "general, rudimentary and minimal." Colon, 136 F.Supp.2d at 207. For instance, the CPSC has not defined when a child-resistant mechanism is "easily deactivated." It has, on the contrary, expressly avoided adopting any such a metric: "[t]he Commission is expressing no position at this time on any criterion for when a lighter is easily deactivated. If the staff identifies either a cigarette lighter or a multipurpose lighter model with a childresistant mechanism that it believes can be easily deactivated, the

10

Office of Compliance would consider appropriate action."[4] See 64 FR 71854. Moreover, unlike the provisions of 16 C.F.R. § 1210.3(a) which are tested and enforced through the procedures in 16 C.F.R. § 1210.4, 16 C.F.R. § 1210.15(b)(1), and 16 C.F.R. § 1210.15(b)(2), there are no regulatory procedures for establishing or ensuring compliance with 16 C.F.R. § 1210.3(b)(4) ex ante; there is only the general statutory remedy for violations of the federal requirement ex post. See 15 U.S.C. § 2073; 15 U.S.C. § 2072(a). In light of these features, the Court concludes that Plaintiff's state law claims will not "upset the careful regulatory scheme established by federal law"; they will, instead, bolster the minimum federal requirement and further Congress's goal of protecting the public against unreasonable risks of injury associated with consumer products.[5] 15 U.S.C. § 2051(b)(1); United States v. Locke, 529 U.S. 89, 106-07 (2000).

---

[4] Defendant points to this latter sentence as support for the proposition that any imposition of a state standard would create a conflict because the CPSC intends to exclusively regulate the removal of disposable lighter child resistancy features. The Court does not read the language in this way. However, even if what Defendant claims is true, the CSPC's expression of such intent is too ambiguous for the Court to find a conflict when the language of the statute and regulations themselves counsel otherwise. cf. Geier, 529 U.S. at 863 (giving some weight to the "DOT's interpretation of FMVSS 208's objectives and its conclusion that a tort suit such as this one would stand as an obstacle to the accomplishment and execution of those objectives").

[5] The Court notes that the Sixth Circuit has not addressed this issue post-Geier, but that earlier, in dicta, it referred to the CPSA regulations regarding disposable lighters as "minimum child-resistance standards." Kirk v. Hanes Corp. of North Carolina, 16 F.3d 705, 711 n.6 (6th Cir. 1994).

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **DENIED**.  Defendant's motion for oral argument [DN 39] is **DENIED** as moot.

cc. Counsel of Record