# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:08-CV-00019

DAVID R. CUMMINS, conservator                                        PLAINTIFF
for C.A.P., a minor

v.

BIC USA, INC. and                                                                DEFENDANTS
BIC CONSUMER PRODUCTS
MANUFACTURING COMPANY, INC.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants to exclude the testimony of Plaintiff's economic experts and to conduct a hearing on the motion [DN 101]. Fully briefed, the matters are ripe for decision.

## I. FACTUAL BACKGROUND

This case involves the tragic combination of a child and a cigarette lighter. On December 17, 2004, three-year-old C.A.P. was dropped off at his mother's apartment by his step-mother, and immediately went upstairs to his bedroom. A short while later, C.A.P.'s mother, Amy Cowles, heard him scream. She found him at the top of the stairs engulfed in flames from the waist up; he had, apparently, used a BIC Model J-26 lighter to ignite his McKid's t-shirt. No one seems to know where the lighter came from, but the parties agree that the child-resistant guard (the metal band that a consumer must depress before rotating the spark wheel in order to generate a flame) had been removed. Plaintiff brought this products liability suit against BIC as the manufacturer of the lighter.

## II. STANDARD OF REVIEW

Defendants have moved to exclude expert testimony under Daubert v. Merrell Dow Pharm.,

Inc., 509 U.S. 579 (1993) and Fed. R. Evid. 702. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under Rule 702, the trial judge acts as a gatekeeper to ensure that expert testimony is both reliable and relevant. Mike's Train House, Inc. v. Lionel, L.L.C., 472 F.3d 398, 407 (6th Cir. 2006) (citing Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999)). In determining whether certain testimony is reliable, the focus of the Court "must be solely on principles and methodology, not on the conclusions that they generate." Daubert, 509 U.S. at 595. In Daubert, the Supreme Court identified a non-exhaustive list of factors that may assist the Court in assessing the reliability of a proposed expert's opinion including: (1) whether a theory or technique can be or has been tested; (2) whether the theory has been subjected to peer review and publication; (3) whether the technique has a known or potential rate of error; and (4) whether the theory or technique enjoys "general acceptance" within a "relevant scientific community." Id. at 592-94. This gatekeeping role is not limited only to expert testimony based upon scientific knowledge, but, instead, extends to "all 'scientific,' 'technical,' or 'other specialized' matters within" the scope of Rule 702. Kumho Tire, 526 U.S. at 147-48. Whether the Court applies the Daubert factors to assess the reliability of the testimony of an expert witness "depend[s] on the nature of the issue, the expert's particular expertise, and the subject of his testimony." Id. at 150 (quotation omitted). Of course, Daubert is a flexible test and no single factor is dispositive. See Kumho Tire, 526 U.S. at 151-52; Smith, 215 F.3d at 719.

## III. DISCUSSION

Defendants seek to exclude the testimony of: (1) Cameron Parker, a life care plan expert who has offered testimony on the future medical treatments C.A.P. will require; (2) Sharon Brown Lane, an economic expert who has offered testimony as to the effect of C.A.P.'s injuries on his future earning potential; and (3) Lawrence Lynch, an economic expert who will also offer expert testimony on C.A.P.'s lost earnings. The Court will discuss each in turn.

**A. Cameron Parker**

Defendants argue that Parker's testimony is unreliable because she has no experience with burn victims, has never projected a life care plan for a child burn victim, never spoke to C.A.P. or his family, did not speak with any of the treating physicians, and based her opinion on the opinions of Roy Long, a nurse practitioner, who denies providing any basis for Parker's opinion and further testified that he is unqualified to provide such an opinion.

However, Defendants agree that Parker has experience projecting life care plans for persons with disabilities and/or life restrictions generally. The fact she does not have particular experience projecting a life care plan for a child burn victim is not particularly significant and can be more appropriately addressed through cross examination. Furthermore, Parker's reliance on the opinions of Roy Long does not render her testimony unreliable. It is evident that Long and Parker discussed C.A.P.'s potential future medical treatments. Parker sent Long a letter outlining Long's suggestions and requested him to review them for accuracy. Long did so and signed off on them. The fact that he now denies providing any opinions or proclaims himself to be unqualified does not affect Parker's testimony on the potential costs of C.A.P.'s treatments.

Parker's role in this case is to simply take C.A.P.'s potential medical treatments and assign

3

a corresponding value based on her experience and a review of the medical records. In other words, Parker has only been retained to testify as to the cost of treatments *if* the treatments are required - she will not be testifying as to the necessity or extent of future medical treatments. This supporting testimony will apparently come from Dr. Yakuboff. As long as there is competent medical proof related to the claim of future medical expenses, Parker will be allowed to quantify those expenses. Accordingly, Defendants motion to exclude the testimony of Cameron Parker is denied.

**B. Sharon Brown Lane**

Defendants next seek to exclude the testimony of Sharon Brown Lane because she is allegedly unqualified to offer an opinion on the lost income of a child burn victim and because her opinion lacks a proper factual basis.

Although Lane does not have direct experience with child burn victims, she does have extensive experience in evaluating the effects of an injury on the ability to labor and earn money. She may not have worked with victims that fall within the specific niche at issue in this case, but her general experience in evaluating damages resulting from injuries is sufficient to provide reliable testimony. Any issue Defendants have with Lane's background can be effectively flushed out through cross examination because "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.

Similarly, the fact that Lane formulated damages based on government statistics from adults classified as being "not severely disabled," opposed to children with specific burn injuries, from the U.S. Census Bureau, the Department of Labor, and the Bureau of Labor Statistics also goes to the weight of the evidence and not admissibility. Such a specific data set is not published by the

4

government and the statistics used by Lane offer a reasonable means of comparison. Lane thoroughly reviewed C.A.P.'s medical records as well as published medical materials. In light of her experience and background as a vocational expert witness for the U.S. Social Security Administration, U.S. Railroad Retirement Board, and the U.S. Department of Labor, she has also provided a sufficient factual basis for concluding that C.A.P. suffers from a permanent partial disability. Lane's expert opinion based on her experience, research, and review of C.A.P.s medical records will assist the jury in this case. Accordingly, Defendants' motion to exclude Lane's testimony is denied.

### C. Lawrence Lynch

Lastly, Defendants argue that Lawrence Lynch also lacks the proper experience to provide expert testimony and should be excluded because his report exclusively relies on Lane's expert report. For the same reasons that the Court finds Lane's testimony admissible for not having specific experience with child burn victims, so too is Lynch's. Furthermore, Lynch has extensive experience in economic forecasting and has estimated lost income resulting from various injuries as a private consultant. Again, the fact that he based his opinions on government statistics regarding adults who are "not severely disabled" opposed to children with specific burn injuries goes to weight and not admissibility. Because the Court finds Lane's opinion admissible, Lynch's reliance on Lane's conclusions that C.A.P. is "partially disabled" is appropriate. Accordingly, his testimony will be admitted.

## IV.  CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' motion to exclude the testimony of Plaintiff's economic experts and to conduct a hearing on the motion [DN 101] is **DENIED**.

cc. Counsel of Record