UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:08-CV-00019-JHM

DAVID R. CUMMINS, conservator                                    PLAINTIFF
for C.A.P., a minor

v.

BIC USA, INC. and                                               DEFENDANTS
BIC CONSUMER PRODUCTS
MANUFACTURING COMPANY, INC.

<u>MEMORANDUM OPINION AND ORDER</u>

        This matter is before the Court on Defendant's Supplemental Motion for Summary Judgment

[DN 143].  Fully briefed, this matter is ripe for decision.  For the following reasons, the Court

**GRANTS IN PART and DENIES IN PART** the Defendants' supplemental motion for summary

judgment.

## I. STANDARD OF REVIEW

        Before the Court may grant a motion for summary judgment, it must find that there is no

genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of

law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the basis for its

motion and of identifying that portion of the record which demonstrates the absence of a genuine

issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Once the moving party

satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a

genuine issue of fact for trial.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

        Although the Court must review the evidence in the light most favorable to the non-moving

party, the non-moving party is required to do more than simply show there is some "metaphysical

doubt as to the material facts."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586

(1986).  The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by " showing that the materials cited do not establish the absence . . . of a genuine dispute[.]"  Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  Anderson, 477 U.S. at 252.

## II. BACKGROUND

This case involves the tragic combination of a child and a cigarette lighter.  On December 17, 2004, three-year-old C.A.P. was dropped off at his mother's apartment by his step-mother, and immediately went upstairs to his bedroom.  A short while later, C.A.P.'s mother, Amy Cowles, heard him scream.  She found him at the top of the stairs engulfed in flames from the waist up; he had, apparently, used a BIC Model J-26 lighter to ignite his McKid's t-shirt.  No one seems to know where the lighter came from, but the parties agree that the child-resistant guard (the metal band that a consumer must depress before rotating the spark wheel in order to generate a flame) had been removed.  Plaintiff brought this products liability suit against BIC as the manufacturer of the lighter. BIC has moved for summary judgment.

## III. DISCUSSION

Kentucky courts have recognized two types of product defects relevant to the case at hand: (1) "design defects or unreasonable risks of harm inherent in the product's design"; and (2) "warning defects or unreasonable risks of harm that could have been reduced or avoided by the provision of reasonable instructions or warnings."  Edwards v. Hop Sin, Inc., 140 S.W.3d 13, 15 (Ky. Ct. App. 2003).  The United States Consumer Product Safety Commission requires that all cigarette lighters

must be equipped with a child resistant mechanism which cannot "be easily overridden or deactivated." 16 C.F.R. § 1210.3(b)(4). Accordingly, Plaintiff has asserted a design defect and failure to warn products liability claim on the grounds that the BIC J-26 lighter is unreasonably dangerous because the child safety feature can be easily deactivated, and had the child guard been in place, C.A.P. would have been unable to successfully operate the lighter. Defendants have moved for summary judgment arguing that: (1) Plaintiff failed to proffer any evidence to support a failure to warn claim; (2) Plaintiff failed to identify BIC's product as the legal cause of C.A.P.'s injuries; (3) Plaintiff failed to prove a reasonable, safer alternative design that would have prevented C.A.P's injuries; and (4) 16 C.F.R § 1210.3(b)(4) cannot serve as the basis for Plaintiff's products liability claim because it was intended to apply to children under the age of five only. The Court will discuss each of Defendants' arguments in turn.

**A. Failure to Warn Claim**

In Kentucky there are two theories of failure to warn under strict liability and negligence. "The first theory involves a 'warning as a part of the design.' In such a case, a product is unreasonably dangerous in design if it does not adequately warn the consumer that the product should not be put to a certain use." Tipton v. Michelin Tire Co., 101 F.3d 1145, 1149 (6th Cir. 1996) (quotation omitted). Kentucky law and the Restatement (Second) Torts § 388 state that a defendant is liable under a negligent failure to warn claim if he "(a) knows or has reason to know that the chattel is likely to be dangerous for the use for which it is supplied, (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous." Id. at 1149-50. (citing Restatement (Second) of Torts § 388 (1965)).

3

"In general, a manufacturer must warn of latent risks that reasonably foreseeable users and consumers would reasonably deem material or significant in deciding whether to use or consume the product." <u>Edwards</u>, 140 S.W.3d at 16 (quotation omitted).

Defendant contends that Plaintiff has not offered any evidence, particularly expert testimony, that the warning BIC provided was inadequate and, without such evidence, Plaintiff can not meet his burden of proof. As Plaintiff states, he "has never pursued a claim that the cigarette lighter in question was defective as a result of inadequate warnings." (Pl.'s Resp. to Def.'s Supplemental Mot. Summ. J. 4 [DN 144].) The failure to warn claim has been affirmatively withdrawn. Accordingly, summary judgment is appropriate for the failure to warn claim.

**B. Product Identification**

As stated in the April 13, 2011 Memorandum Opinion and Order by this Court, it is the Plaintiff who bears the burden of establishing the legal cause of his injuries. <u>Bailey v. N. Am. Refractories Co.</u>, 95 S.W.3d 868, 872 (Ky. Ct. App. 2001). "[L]egal causation may be established by a quantum of circumstantial evidence from which a jury may reasonably infer that the product was a legal cause of the harm." <u>Id.</u> (quotation omitted). In other words, Plaintiff must "'indicate the probable, as distinguished from a possible cause.'" <u>Id.</u> at 872-873 (quoting <u>Briner v. Gen. Motors Corp., Ky.</u>, 461 S.W.2d 99, 101 (1970). "Generally, the existence of legal cause is a question of fact for the jury. It only becomes a question of law for the Court where the facts are undisputed and are susceptible of but one inference." <u>Johnson v. Triangle Insulation</u>, 2003 WL 21769867, at *2 (Ky. Ct. App. Aug. 1, 2003).

Defendant argues that since filing its October 10, 2010 motion for summary judgment it has taken additional discovery which failed to elicit testimony to identify the unknown male who

4

originally picked up a lighter at the scene of the incident. (Def.'s Supplemental Mot. Summ. J. 5 [DN 143].)  The new discovery includes the depositions of Donald Murphy, the maintenance man at Hillview Terrace Apartments; Danielle Polley, C.A.P.'s aunt and Thor Polley's sister; and Judy Whatley, the apartment manager at Hillview Terrace Apartments.  Murphy arrived at the apartment complex after the incident occurred and did not see the lighter.  Neither Polley or Whatley were present at the time of the incident.  Since there is still a "missing link" in the chain of custody, Defendant reasons that there is no admissible evidence or credible testimony that exists to allow a jury to find that the BIC J-26 lighter alleged to be at the scene of the incident was the probable, as opposed to merely the possible, lighter C.A.P. used to start the fire. (Id. at 7.)

Plaintiff responds by stating that he "has never contended that Murphy, Polley or Whatley know anything about the identification of the lighter used by C.A.P. and has never relied upon them to shed any light on that issue."  (Pl.'s Resp. to Def.'s Supplemental Mot. Summ. J. 4 [DN 144].) Polley and Whatley were not even present during the incident and Murphy only stood in front of the apartment for five minutes, never going into the complex.  Additionally, Plaintiff lists circumstantial evidence that a jury could use to infer that the BIC J-26 lighter at issue was the same one used by C.A.P. during the incident.  The official reports of Greensburg Police Chief Brady and the Cabinet for Families and Children are noted by Plaintiff as being particularly persuasive.  (Id. at 7.)

The Court finds that Defendant's additional discovery is unpersuasive and the facts of the case could still allow a jury to reasonably conclude that the BIC J-26 lighter was the cause of C.A.P.'s injuries.  The depositions of three people who know nothing about the lighter does not alter the Court's previous finding that summary judgment is inappropriate.

**C. Alternative Design**

A product may be considered defective if it was made "according to an unreasonably dangerous design." Jones v. Hutchinson Mfg., Inc., 502 S.W.2d 66, 69 (Ky. 1973). "The maker is not required to design the best possible product or one as good as others make or a better product than the one he has, so long as it is reasonably safe." Sturm, Ruger & Co. v. Bloyd, 586 S.W.2d 19, 21-22 (Ky. 1979). Thus, in a product liability case such as this, "the question is whether the product creates such a risk of an accident of the general nature of the one in question that an ordinarily prudent company engaged in the manufacture of such a product would not have put it on the market." Montgomery Elevator Co. v. McCullough, 676 S.W.2d 776, 780 (Ky. 1984) (quotation omitted). Both parties agree that in Kentucky, in order to prove a product is "unreasonably dangerous" as designed, a plaintiff is required to produce competent evidence "of a feasible alternative design" that would have prevented the injury. Toyota Motor Corp. v. Gregory, 136 S.W.3d 35, 42 (Ky. 2004).

Defendant contends that based on the expanded record, which includes the disclosure of BIC's expert witness and the supplemental deposition of Plaintiff's expert, summary judgment is appropriate on the "ground that Plaintiff failed to show that the child restraint safety guard of the three alternative designs would probably not have been disengaged under the circumstances of this case." (Def.'s Supplemental Mot. Summ. J. 10 [DN 143].) Defendant reasons Plaintiff failed to do any testing regarding the removal of the child resistant features of the alternate lighters, and since Defendant's expert will show that the three alternate lighters can be overridden or deactivated, Plaintiff is unable to show that the alternative designs would probably not have been disengaged under the circumstances. (Id. at 10.)

Plaintiff responds by arguing that no expert is testifying that a feasible child safety mechanism for a cigarette lighter is tamper-proof, but the issue is whether the child resistant mechanism used by BIC on its J-26 model is "easily" deactivated or removed and whether an alternate design would be more difficult to deactivate or override.   (Pl.'s Resp. to Def.'s Supplemental Mot. Summ. J. 10 [DN 144].)   Furthermore, Plaintiff contends that the Court has already rejected Defendant's argument and the only basis for revisiting the issue is based on Defendant's expert testimony that even the alternate designs can be overridden or removed with sufficient force.

The Court agrees with the Plaintiff.  The Court has already decided this issue and finds that Defendant's evidence, while appropriate for cross examination of Plaintiff's expert, is not a basis of summary judgment.

**D. 16 C.F.R. § 1610.3(b)(4) Was Intended to Apply to Everyone**

"The interpretation of federal regulations is a matter of law for the court to decide."  CSX Transp., Inc. v. City of Plymouth, 92 F. Supp. 2d 643, 656 (E.D. Mich. 2000) (citing Bammerlin v. Navistar Int'l Transp. Corp., 30 F.3d 898, 900 (7th Cir. 1994) ("The meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court.")).  See Nemir v. Mitsubishi Motors Corp., 2006 WL 322476, at *1 (E.D. Mich. Feb. 10, 2006) ("[I]nterpretation of federal regulations presents a question of law for the Court; not a question of interpretation for experts or a question of fact to be resolved by the jury.").  Therefore, opining on the intended application of § 1210.3(b)(4) "is the function of the trial judge to determine the law of the case [and] [i]t is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles."  U.S. v. Zipkin, 729 F.2d 384,

387 (6th Cir. 1984) (citing <u>Stoler v. Penn Cent. Transp.</u>, 583 F.2d 896 (6th Cir. 1978) (expert witness prohibited from testifying because testimony would have amounted to a legal opinion)).

The regulation at issue is under the section regarding requirements for cigarette lighters:

(b) The mechanism or system of a lighter subject to the part 1210 that makes the product resist successful operation by children must:
      (1) Reset itself automatically after each operation of the ignition mechanism of the lighter,
      (2) Not impair safe operation of the lighter when used in a normal and convenient manner,
      (3) Be effective for the reasonably expected life of the lighter, and
      (4) *Not be easily overridden or deactivated*.

16 C.F.R. § 1210.3(b) (emphasis added).

Defendant challenges the Court's previous decision that the language of 16 C.F.R.§ 1210.3(b)(4), which requires the child-resistant safety mechanism to not be easily overridden or deactivated refers not only to the efforts of the children under the age of five, but also to the efforts of anyone. Defendant contends that the Court was not fully briefed on the rulemaking and testing protocol of 16 C.F.R. § 1210.3(b)(4). According to Defendant, the interpretation of the language requiring the child-resistant safety mechanism to not be easily overridden or deactivated "refers only to the efforts of children under the age of five." (Def.'s Supplemental Mot. Summ. J. 12 [DN 143].) As evidence of Defendant's interpretation, it attempts to discuss the testing protocol used by the Consumer Product Safety Commission ("CPSC"). Defendant reasons that by detailing the testing of children under the age of five and omitting the testing of adults, the CPSC intended that the language of 16 C.F.R. § 1210.3(b)(4) applies only to the efforts of children under the age five.

In response, Plaintiff states that the CPSC included specific reference to children under the age of five elsewhere in the regulations where it intended that the terms of the regulation apply specifically to children and could have easily included similar language if that was the CPSC's

intention.  According to Plaintiff, Defendant's comparison of 16 C.F.R. § 1210.3(b)(4) to the child resistant packaging requirements of the Poison Prevention Packaging Act is confusing and is lacking logic.  (Pl.'s Resp. to Def.'s Mot. Summ. J. 14-17 [DN 144].)

After being fully briefed, the Court finds that the language of 16 C.F.R. § 1210.3(b)(4), which requires the child resistant safety mechanism to "not be easily overridden or deactivated" refers not only to the efforts of children under the age of five, but also to the efforts of anyone.  As stated in its July 5, 2011 Memorandum Opinion and Order, given the known concerns of adults removing safety devices, it makes little sense to believe that the CPSC would only direct its regulation at the efforts of children under the age of five. [DN 142.] Defendant pointed out that the CPSC indicated "[t]he proposed rule requires that the multi-purpose lighter must not be capable of having its child-resistant mechanism easily deactivated.  The Commission interprets this as requiring that the child-resistant mechanism cannot easily be disabled with a common household tool, such as a knife or pliers, and still remain operable."  Proposed Rules Multi-Purpose Lighters; Notice of Proposed Rulemaking, 63 Fed. Reg. 52409 (Sept. 30, 1998).  The requirement that the child resistant mechanism not be easily disabled with a common household tool is not interpreted by this Court to apply only to a child under five using a knife or pliers to disable the mechanism  The reasoning behind the regulation was that the child-resistant mechanism can not be easily deactivated by an adult, the intended consumer, using a common household tool, such as a knife or pliers.  Accordingly, summary judgment is inappropriate.

**IV. CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED** that the supplemental motion

for summary judgment [DN 143] is **GRANTED IN PART and DENIED IN PART**.

cc: counsel of record