FILED
VANESSA L. ARMSTRONG, CLERK
FEB 02 2012
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:08-CV-00019-JHM

DAVID R. CUMMINS, conservator          PLAINTIFF
for C.A.P., a minor

v.

BIC USA, INC. and                      DEFENDANTS
BIC CONSUMER PRODUCTS
MANUFACTURING COMPANY, INC.

### JURY INSTRUCTIONS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Plaintiff has proved his case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and

ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The plaintiff has the burden of proving his case by what is called a preponderance of the evidence. That means that the plaintiff has to produce evidence that, considered in light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. If the plaintiff fails to meet this burden, the verdict must be for the defendants.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:



1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have displayed; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness



of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE

You have heard testimony from persons who have testified as an opinion witness. You do not have to accept the opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how the witness reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of



witnesses.

In this trial, these witnesses were, at times, asked hypothetical questions and they gave answers to such questions. In answering a hypothetical question, an opinion witness must accept as true every asserted fact stated therein, but this does not mean that you must. If you find that assumed facts are not proven, you should disregard the answer based on the hypothetical question.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## LIABILITY OF CORPORATIONS

The Defendants, BIC USA, Inc. and BIC Consumer Products Manufacturing Co., Inc, are corporations. The fact that they are corporations should not affect your decision. All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.



## II. RULES OF LAW

### INSTRUCTION NO. 1

The first claim the Plaintiff advances is an alleged violation of federal law, 15 U.S.C. §2072, which provides that any person who knowingly or willfully violates a consumer product safety rule may be liable in damages for any injuries caused by reason of the violation. The United States Consumer Product Safety Commission's rules are applicable to cigarette lighters manufactured and sold in the United States. The specific rule at issue in this case is 16 C.F.R. § 1210.3(b)(4). This rule requires the child-resistant feature of the BIC J-26 lighter must not be easily overridden or deactivated. The fact that the Consumer Product Safety Commission has never cited BIC for violating these rules is not necessarily determinative. It is a factor you may consider, but it is not conclusive.

If you find, by a preponderance of the evidence, that BIC knowingly or willfully violated 16 C.F.R. § 1210.3(b)(4) and that such violation was a substantial factor in causing CAP's injuries, you will find for the Plaintiff. Otherwise you will find for the Defendants.

The word "knowingly" means that the acts were done voluntarily and intentionally, not because of mistake or accident.

A person acts "willfully" when, with knowledge of what the law requires, he knowingly violates the law or acts with plain indifference to the known legal duty.

## INSTRUCTION NO. 2

The second claim which Plaintiff advances is a products liability claim under state law. You shall consider this claim independently of the first claim.

In Plaintiff's second claim, he claims that BIC's design and manufacture of the J-26 lighter made it defective and unreasonably dangerous. A product is defective and unreasonably dangerous if it creates such a risk of an accident of the general nature of the one in question that an ordinarily prudent company engaged in the manufacture of a similar product, being fully aware of the risk, would not have put the product on the market.

A manufacturer is not required to design the best possible product, or products as good as other manufacturers' make, so long as the product is reasonably safe. What the manufacturer is required to do is to make a product that is free from defective and unreasonably dangerous conditions. The manufacturer is not an insurer that nobody will get hurt in using the product, and a product is not defective or unreasonably dangerous merely because it is possible to be injured while using it. Proof of nothing more than that a particular injury would not have occurred had the product which caused the injury been designed differently is not sufficient to establish a breach of the manufacturer's duty as to the design of the product.

Again, the fact that the Consumer Product Safety Commission has never cited BIC for violating the Consumer Product Safety rules is not necessarily determinative. It is a factor you may consider in determining whether a product is defective and unreasonably

dangerous, but it is not conclusive.

If you believe, by a preponderance of the evidence, that the BIC J-26 lighter, as designed and manufactured by BIC, was defective and unreasonably dangerous; and that the design and manufacture of the BIC J-26 lighter was a substantial factor in causing the injuries to CAP, you will find for the Plaintiff on this claim.

Otherwise, you will find for Defendants on this claim.



# INSTRUCTION NO. 3

If you find for the Plaintiff under Instructions No. 1, No. 2, or both, then you will determine from the evidence and award Plaintiff, David Cummins, Conservator for CAP, a sum of money that will fairly and reasonably compensate CAP for the following damages that you believe by a preponderance of the evidence that CAP sustained, or will sustain, directly by reason of his injuries:

1. Past, present and future physical and mental pain and suffering;

2. Impairment or loss of his ability to labor and earn money.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether the Plaintiff is entitled to recover damages. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

# INSTRUCTION NO. 4

If you find for the Plaintiff against Defendants, and award compensatory damages under these Instructions, then you may, in your discretion, award punitive damages against BIC, but only if you find, by clear and convincing evidence, that BIC acted with a reckless disregard for the rights, lives and safety of other persons.

Punitive damages are damages awarded against defendants for the purpose of punishing the defendants for misconduct and deterring them and others from engaging in similar conduct in the future.

If you decide to award punitive damages in this case, you shall consider the following factors:

A. The likelihood at the time of such misconduct by BIC that a serious harm would arise from it;

B. The degree of BIC's awareness of that likelihood;

C. The profitability of the misconduct of BIC;

D. The duration of the misconduct, and any concealment of it, by BIC; and

E. Any actions by BIC to remedy the misconduct once it became known to BIC.

If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, bias, or prejudice with respect to any party to the case.

The fact that I instruct you on punitive damages should not be taken by you as indicating one way or the other whether Plaintiff is entitled to recover such damages. This



is entirely for you to decide.

"Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard however, proof to an absolute certainty is not required.



## III. JURY DELIBERATIONS

When you retire to the jury room, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

### REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you

can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

